THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

CIVIL DIVISION

FILED
SALINE COUNTY
CIRCUIT CLERK

2025 MAR -6 PM 2:43

BY _____

KEITH LAMONT FRAZIER

Plaintiff

Case No. 63CV-25-453-3

v.

CITY OF ALEXANDER, ALEXANDER POLICE DEPARTMENT, CHIEF BURNETT, ASSISTANT CHIEF BURNETT, SGT. B. HOBBY, OFC. D. SHAW, CITY COUNSEL CHRIS MADISON, et al

Defendant(s)

COMPLAINT

COMES NOW, Plaintiff, KEITH LAMONT FRAZIER, attorney pro se, and for his Complaint against Defendant(s), states and alleges the following:

- Assistant Chief Burnett violated, my 4th amendment right to be SECURE IN MY PAPERS, person, and effects.
- She unlawfully accessed the Arkansas Crime Information Center (ACIC) Violating A.C.A. 12-12-212 (release or disclosure to unauthorized person – penalty). Violating A.C.A. 12-12-1002 (criminal history information and reporting standards – penalty). Both are Class A Misdemeanors, minus any criminal wrongdoing on my part. (The intrusiveness is obvious, as Rick Stallings, Operations Director of the ACIC, cannot access his own ACIC data minus a subpoena). This caused emotion harm to my family, my character, making me fearful of police intimidation, and retaliation to my family and myself.
- Intentionally Inflicting Emotion Distress (IIED), pain and suffering and loss of enjoyment of life. My family has been shattered by this ongoing issue, and a divorce is eminent.
- Assistant Chief Burnett attempted to cover up misuse of the ACIC by refusing to obtain a Body Worn Camera (BWC) when asked to document her wrongdoing. Misuse for family connections is prima facie due to marital relationship with Chief Burnett, her husband, elevating the violation to a Class C Felony.

EXHIBIT 7

- All officers under Chief Burnett, including his spouse, has him responsible for their behavior.
- The four most important remedies are motions to suppress, civil damages actions against individual officers, suits against municipalities, and suits seeking injunctive or declaratory relief.
- The leading case is Entick v. Carrington, (1765) 95 Eng. Rep. 807 (K.B.). Tort law in Common Law practices is well established as to its Constitutionality.
- Sergeant B. Hobby engaged in ASSAULT and BATTERY upon my person, evidenced on BWC, and Ofc. D. Shaw was witness to the violation of my 4th amendment right to be SECURE IN MY PERSON in doing so. I committed no criminal, nor citable actions to justifying any attempt at touching or assaulting me in any form or fashion.
- My psychological state was evaluated by a Veterans Administration (VA) psychiatrist, and the medical history prognosis is available for review as evidence of my enhanced agitated state. Both my Primary Care Physician (PCP) for the VA, Doctor McKelvey, and my personal PCP, Doctor Humbard, are willing to testify on my behalf once a Subpoena Duces Tecum is provided.
- City Counsel Chris Madison has violated Federal Law for failing to respond to any of my Freedom of Information Act requests, and has had Jennifer Hill respond to every FOIA request sent to him directly.
- The FOIA provides for both criminal and civil enforcement. The FOIA's criminal sanctions are found in Section 25-19-104, which provides that "[a]ny person who negligently violates any provisions of this [act] shall be guilty of a Class C misdemeanor." A Class C misdemeanor is punishable by a fine of up to $500, imprisonment for up to 30 days, or both. Ark. Code Ann. §§ 5-4-104, -201, -401. The FOIA's civil process is found in Section 25-19-107 and permits civil suits to enforce the FOIA.
- I am formally requesting a Magistrate Judge follow up with a warrant for a CITIZEN'S ARREST for Assistant Chief Burnett for violation of A.C.A. 12-12-212 (a)(1), (b)(3) and 12-12-1002 with a penalty of six (6) years of jail time and/or five hundred thousand dollars ($500,000) fine.

I. BASIC PREMISE

1. This is a civil case which arises from the violations of 18 U.S.C. § 241 for CONSPIRACY AGAINST RIGHTS.

2. Violation of 18 U.S.C. § 242 DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW.

3. Violation of 42 U.S.C. § 1983, CIVIL ACTION FOR THE DEPRIVATION OF RIGHTS.

4. Violation of 42 U.S.C. §§ 1985, 1986 CONSPIRACY AND NEGLIGENCE.

5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED).

6. INTENTIONAL INFLICTION OF PAIN AND SUFFERING (IIPS).

7. DEFAMATION OF CHARACTER.

8. FREEDOM OF INFORMATION ACT (FOIA) violations.

9. Unlawful use of the Arkansas Crime Information Center (ACIC).

10. Alexander Police Policy and Procedures violations for failing to obtain Body Worn Camera (BWC), Fraternization & Nepotism policy, and failure to act when witness to criminality.

11. Title IV, Books 1 through 8 of the United States Flag Code.

   II.   RELIEF REQUESTED

12. I hereby request a remedy for these blatant violations of my Constitutional rights, seeking monetary damages of three million dollars ($3,000,000), and loss of certification of Law Enforcement Officer (LEO) status of Chief Burnett, Assistant Chief Burnett, and Sergeant B. Hobby.

13. State Bar of Arkansas referral for Standards of Conduct violations and FOIA violations for Counsel for the City of Alexander, Chris Madison, and any and all other monetary damages, and/or injunctive relief available by law.

14. Plaintiff requests for the court to reverse the judgment that was granted on February 6, 2025 and to set the ORDER aside pursuant to Rule 60 of the Rules of Civil Procedure, relief from judgment dated February 6, 2025, pursuant to Rule 60 of the Rules of Civil Procedure.

15. Plaintiff is seeking three million dollars ($3,000,000) in damages from the City of Alexander, its Police Department, and officers in their individual capacities for illegal actions that were taken concerning the matters, while they were law enforcements, judges, prosecutors, FBI, and the Assistant United States Attorney in this case.

### III. FACTS OF THE CASE

16. On or about October 26, 2024, I visited the Alexander Police Department, located at 14701 highway 111, Alexander, AR, to inquire why there was no American flag located on their premises, police cruisers, or uniforms. I was met by Sergeant B. Hobby (badge no. 203), and Officer D. Shaw (badge no. 209). Sgt. Hobby threatened me with DISORDERLY CONDUCT and DISTURBING THE PEACE to force my removal from the public owned property. After being told to 'shut my mouth' in an angry, threatening, and unprofessional tone of voice, was later a victim of Sergeant Hobby engaging in BATTERY (any unwanted touching) and ASSAULT (which for LEO's is implied by their weapons and badges).

17. On or about October 27, 2024, I revisited the Alexander Police Department to file a COMPLAINT for the violations of the FLAG CODE, and 1st amendment right to petition my government for the redress of grievances.

18. Assistant Chief Burnett presented herself to me and stated my past criminal history to me, minus any crime or lawful justification, which led me to recognize criminality on her part, and wanted a BWC utilized to capture her criminality at that time.

19. She instead removed herself behind the AUTHORIZED PERSONNEL ONLY door. I asked a nearby officer (Thyquirst) if he had an operational BWC, and asked for an additional complaint form for her criminal behavior. I learned then that both Chief and Assistant Chief Burnett were husband and wife. (Spouses cannot be compelled to testify in a court of law on one another).

20. I FOIA requested the Alexander Police Department's Policy and Procedures Manual (which I obtained), as well as the Shannon Hills Police Policy and Procedures Manual to gauge one against the other, and was refused by Assistant Chief Burnett.

21. I obtained the Shannon Hills Police Departments Policy and Procedures Manual on my own very quickly from Chief Allen Spears.

### IV. INJURIES AND COMPENSATORY DAMAGES

22. All of the above allegations previously pleaded herein are re-alleged as though stated word-for-word.

23. Plaintiff, KEITH LAMONT FRAZIER, sustained damages as a result of the occurrences giving rise to the complaint.

24. Plaintiff, KEITH LAMONT FRAZIER, is entitled to the following damages:

### V. DEMAND FOR JURY TRIAL

25. Plaintiff, KEITH LAMONT FRAZIER, hereby demands a trial by jury.

### VI. DEMAND AND PRAYER

26. Plaintiff, KEITH LAMONT FRAZIER, demands judgment against all listed Defendants, for three million dollars ($3,000,000) that exceeds the amount required for federal court jurisdiction in diversity of citizenship cases.

### VII. RESIDENCY AND PARTIES

27. Plaintiff, KEITH LAMONT FRAZIER, was at all times relevant a citizen and resident of 15202 Peak Loop, Alexander, AR 72002.

28. Defendant(s), Chief Burnett, Assistant Chief Burnett, Sgt. Hobby, Ofc. Shaw, and City Counsel Chris Madison, were at all times relevant a resident of the City of Alexander, AR and in individual capacities as Law Enforcement Officers or Officers of the City.

29. The incident giving rise to this cause of action occurred in the City of Alexander's Police Department and by Counsel for the City.

### VIII. JURISDICTION AND VENUE

30. This Court has jurisdiction pursuant to Ark. Const. Amendment 80 § 6, which provides that circuit courts shall have jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution, and pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction that is given to other courts.

31. Venue is proper pursuant to Ark. Code Ann. § 16-60-101.

Respectfully Submitted,

*/s/ Keith L. Frazier*
Keith Lamont Frazier
15202 Peak Loop
Alexander, AR 72002 (501) 507-2146
Melaninrenaissance. finally@gmail.com