**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KEITH LAMONT FRAZIER**                                          **PLAINTIFF**

**vs.**                                   **NO. 4:25-cv00338-LPR**

**CITY OF ALEXANDER, et al**                                          **DEFENDANTS**


**BRIEF IN SUPPORT OF SEPARATE DEFENDANT'S MOTION TO DISMISS**

**I.  INTRODUCTION**

Investigator Gary Robertson an Investigator with Saline County, Arkansas.  Plaintiff's complaint only alleges that the Separate Defendant acted disrespectfully and negligently refused to investigate crimes against the Plaintiff.  Plaintiff's Complaint fails to allege any actionable wrongdoing on the part of Defendants Robertson and should be dismissed.

**II.  STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss on the basis of "failure to state a claim upon which relief can be granted."  In its decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court revisited the standards for determining whether factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss:

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; *Sanjuan v. American Bd. of Psychiatry and Neurology,*

*Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[merit] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) (" [T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact), see, e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). *Bell Atlantic*, 550 U.S. at 555-56 (footnote omitted); see *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949,  173 L. Ed. 2d 868 (2009) (instructing that "short and plain statement" requirement "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation.").  Thus, the Eighth Circuit Court of Appeals has recognized that, under *Bell Atlantic*, "To survive a motion to dismiss, a complaint must contain factual allegations sufficient  'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atlantic*, 550 U.S. at 555).   To put it another way, "the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.'"  *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d

383, 387 (8th Cir. 2009) (quoting *Bell Atlantic*, 550 U.S. at 570); accord *Iqbal*, 129 S. Ct. at 1949

("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Bell*

*Atlantic*, 550 U.S. at 557).

Nevertheless, the court must still "accept as true the plaintiff's well pleaded allegations."

*Parkhurst*, 569 F.3d at 865 (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104

L. Ed. 2d 338 (1989)); *B&B Hardware, Inc.*, 569 F.3d at 387 ("[W]e 'assume[ ] as true all factual

allegations of the complaint'" (quoting *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)). The court

must also still "construe the complaint liberally in the light most favorable to the plaintiff." *Eckert*

*v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) *(*post-*Bell Atlantic* decision). On the other

hand, "[w]here the allegations show on the face of the complaint that there is some insuperable bar

to relief, dismissal under Rule 12(b)(6) is [still] appropriate." *Benton v. Merrill Lynch & Co., Inc.*,

524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th

Cir. 1997), for this standard in a discussion of Rule 12(b)(6) standards in light of *Bell Atlantic*).

## III. ARGUMENT

### A. *Plaintiff failed to allege any act by Defendant Robertson that violated his rights under 42 U.S.C. § 1983.*

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the

complainant must allege facts, which if proven true, would demonstrate that the named defendant

violated the complainant's federal constitutional rights while the defendant acted under color of

state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Although

federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:

the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*,

623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); see also, *Martin v. Sargent*, 780 F.2d 1334,

1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County*, 954 F. Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

To establish a constitutional violation based on inadequate investigation, the Plaintiffs must show that the Defendants' "failure to investigate was intentional or reckless, thereby shocking the conscience. Negligent failure to investigate does not violate due process." *Cooper v. Martin*, 634 F.3d 477, 481 (8th Cir. 2011) (citing *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 672 (8th Cir.2007)) (citations omitted). "An officer's negligent failure to investigate inconsistencies or other leads is insufficient to establish conscience-shocking misconduct." *Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004 (8th Cir. 2012) (quoting *Akins v. Epperly*, 588 F.3d 1178, 1184 (8th Cir.2009).

In his Complaint, the Plaintiff only alleges Defendant Robertson was disrespectful and negligently failed to investigate an issue. Even if we accept the Plaintiff's claims as true, his constitutional rights were not violated by Defendant Robertson. The complaint against Defendant Robertson should be dismissed.

### B.    *Plaintiff fails to allege any basis for county (official capacity) liability.*

Plaintiff's complaint fails to allege whether has filed suit against Defendant Robertson in his official or person capacity. However, if Plaintiff is suing Defendant Robertson in his official capacity, he has failed to allege any basis for liability. Official capacity suits represent "only

another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). In short, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. At 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985).

A governmental entity, here Saline County, may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional county policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). The county would be liable for particular officer's conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county policy or custom that (3) directly caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 526.

In this case, however, Plaintiff has not alleged, generally described, or expressed in any way, any policy, practice, or procedure attributable to Saline County. Without more, the Complaint against Defendant Robertson, in his official capacity, should be dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendant Robertson, respectfully requests that this Court grant his Motion to Dismiss and dismiss Plaintiff's claims against him, in his personal and official

capacities,  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for any an all other relief to which they may be entitled.

Respectfully submitted,

INVESTIGATOR GARY ROBERTSON, JR.,
in his official and official capacities, Separate
County Defendants

Kaylen S. Lewis
Ark. Bar. No. 2012254
OWENS & PARKER LAW FIRM, P.A.
Mailing Address: P.O. Box 850
Conway, Arkansas 72033-0850
Physical Address: 1312 W. Oak Street
Conway, Arkansas 72034
Telephone: (501) 764-4334
Telefax: (501) 764-9173
email: lewis@jowenslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participant:

Keith Lamont Frazier
15202 Peak Loop
Alexander, AR 72002

 Kaylen S. Lewis
Kaylen S. Lewis