IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEITH LAMONT FRAZIER**                                                               **PLAINTIFF**

v.                                  **CASE NO. 4:25-CV-00338-LPR**

**CITY OF ALEXANDER, et al.**                                                       **DEFENDANTS**

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW, Defendants Chief Robert Burnett, Jessica Burnett ("Assistant Chief Burnett"), Johnathan Hobby ("Sgt. Hobby"), Dillion Shaw ("Officer Shaw"), and Chris Madison in their Official and Individual capacities, by and through undersigned counsel, M. Keith Wren, and for their Brief in Support of Defendants' Motion to Dismiss, state:

## INTRODUCTION

Plaintiff, Keith Lamont Frazier ("Mr. Frazier"), has brought this suit against Defendants alleging violations of both federal and state law. However, Mr. Frazier previously filed a case in state court that was removed to federal court alleging nearly identical claims. The Court granted Defendants' previous Motion to Dismiss in that case. Mr. Frazier appealed that decision but failed to pay the required fee and has thus far failed to show cause as to why his appeal should not be dismissed for failure to prosecute. Thus, Mr. Frazier is barred by the doctrine of res judicata from relitigating these issues in this case.

Additionally, Mr. Frazier fails to set out factual allegations against any of the Defendants that could give rise to relief. None of his pleadings are composed of claims that have a basis in the law and are subject to dismissal under Fed. R. Civ. Pro. 12(b)(6).

**STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007)). The stated claim for relief must be "plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While the Court must accept the factual allegations in the complaint as true and construe them in favor of the plaintiff, the Court must not "presume the truth of legal conclusions couched as factual allegations." *Id.*; *See also, Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions case in the form of factual allegations.") In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

**ARGUMENT**

**I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

"Res judicata incorporates the related concepts of issue preclusion and claim preclusion." *Magee v. Hamline University*, 775 F.3d 1057, 1059 (8th Cir. 2015). Issue preclusion (also referred to as collateral estoppel) bars relitigation of an issue when: "(1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the

prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action." *Irving v. Dormire*, 586 F.3d 645, 647-48 (8th Cir. 2009) (omitting citation).

Likewise, claim preclusion bars relitigation of a claim if: (1) the first suit resulted in a final judgment on the merits; (2) if the first suit was based upon proper jurisdiction; (3) if both suits involved the same parties or those in privity with them; and (4) if both suits are based upon the same claims or causes of action. *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997). The Eighth Circuit has adopted the position of the Restatement (Second) of Judgments in determining whether the two causes of action are the same for res judicata purposes. Under this approach, a claim is barred by res judicata if it arises out of the same nucleus of operative fact as the prior claim. *See Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989); *Hufsmith v. Weaver*, 817 F.2d 455, 461 (8th Cir. 1987); *Poe v. John Deere Co.*, 695 F.2d 1103, 1105-06 (8th Cir. 1982).

Both doctrines are intended to preclude "parties from contesting matters that they have had a full and fair opportunity to litigate," in order to "protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 550 U.S. 880, 892 (2008) (omitting internal quotes and citation).

Mr. Frazier's Complaint in this case involves the same causes of action that were alleged in his previously filed Complaint and "Amendment to Complaint" in the Circuit Court of Saline County, Arkansas, that was removed to the United States District Court for the Eastern District of Arkansas on January 15, 2025. **[*Compare* attached *Exhibit 1* and *2*, Complaint and "Amendment to Complaint," United States District Court for Eastern District of Arkansas,**

**Case No. 4:25-CV-0032 BRW, Doc. No. 2 and 9** *with* **Doc. No. 2, Complaint]**[1] Both Plaintiff's original complaint and "amendment [to his] complaint" include the same claims as his complaint in the instant case, including violations of: 42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. §§ 241, 242; violations of the United States Flag Code; as well as state law claims of unlawful use of the Arkansas Crime Information Center ("ACIC"), the tort of outrage, refusing to wear a body worn camera, assault and battery, defamation, and failing to respond to FOIA requests. The only claims not specifically mentioned in Plaintiff's original complaints are violations of the Fourth Amendment for alleged excessive force and failure to intervene, as well as requesting a warrant for a citizen's arrest of Assistant Chief Burnett for her alleged unlawful use of the ACIC.

On February 6, 2025, Mr. Frazier's previously filed case was dismissed with prejudice. **[*Exhibit 3*, Order, United States District Court of the Eastern District of Arkansas, Case No. 4:25-CV-00032-BRW, Doc. No. 16]** Specifically, the Court entered an Order granting Defendants' Motion to Dismiss, stating that "[b]ecause Plaintiff's complaint is nonsensical, frivolous, and states no federal cause of action against Defendants for which relief may be granted, the motion[] to dismiss [is] granted." [Exhibit 3] Mr. Frazier appealed the decision but failed to pay the appellate filing fee by the March 27, 2025 deadline, and to this point has not shown cause as to why his appeal should not be dismissed for failure to prosecute as requested by the Court of Appeals. **[*Exhibit 4*, Order from COA, United States Court of Appeals for the Eighth Circuit, Case No. 4:25-CV-00032-BRW, Doc. No. 29]** Instead, he now files a nearly identical case once again.

---

[1] The court may also take judicial notice of public records, such as the docket and pleadings of pending judicial proceedings, pursuant to Rule 201 of the Federal Rules of Evidence. *See also Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994) (holding that, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record"); *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991) (similar holding); *cf. Florida State Bd. of Admin. v. Green Tree Fin. Corp.,* 270 F.3d 645, 663 (8th Cir.2001) (taking judicial notice of SEC filings in deciding a Rule 12(b)(6) motion to dismiss); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271 (11th Cir.1999) (same); *United States v. Doyle,* 121 F.3d 1078, 1088 (7th Cir.1997) (taking judicial notice of district court's docket sheet).

It is indisputable that res judicata bars the majority of Mr. Frazier's claims in this case. Mr. Frazier's present case is based on the same nucleus of operative facts as the prior case; that he went to the Alexander Police Department to inquire about why the department did not have American flags posted and allegedly got into a confrontation with officers there. The prior case resulted in a final judgment on the merits, to which Mr. Frazier failed to appropriately appeal. Both suits involve the same parties and are based upon the same claims or causes of action. Thus, there is no question that Mr. Frazier's present case is barred by res judicata and should once again be dismissed.

II.     **IF THE COURT FINDS PLAINTIFF'S COMPLAINT IS NOT BARRED BY RES JUDICATA, IT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

   A.  **Plaintiff has failed to sufficiently allege a claim of excessive force or failure to intervene within the meaning of the Fourth Amendment.**

Mr. Frazier claims that Sgt. Hobby threatened to charge him with disorderly conduct and disturbing the peace, therefore, because an arrest was threatened, his claims are governed by the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Under that standard, an officer's force is reasonable if it can be determined that an officer, in the same situation as the officer executing the force, would have thought the force was objectively reasonable under the totality of the circumstances. *Id*. at 396-97.

In analyzing the totality of the circumstances, the Supreme Court of the United States has listed four relevant factors: "[1] the severity of the crime at issue, [2] whether the suspect pose[d] an immediate threat to the safety of the officers and others, and [3] whether [the suspect was] actively resisting arrest or [4] attempting to evade arrest by flight." *Id.* at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). Mr. Frazier's claim that he was "a victim of battery and assault" is a legal conclusion that lacks a specific basis to support it. Therefore, it is unnecessary to go through the process of analyzing each of the factors. Likewise, it is unnecessary to address Mr. Frazier's claim that Officer Shaw failed to intervene, because he has only alleged a legal

5

conclusion of any misconduct on the part of Sgt. Hobby. Mr. Frazier has not alleged sufficient facts to support his claim of Fourth Amendment excessive force or failure to intervene, thus these claims must be dismissed.

> **B. Moreover, Plaintiff has alleged claims of violations of federal statutes that lack a private cause of action and must be dismissed.**
>
>> **1. Plaintiff has no claim for alleged violations of 18 U.S.C. §§ 241, 242**

Mr. Frazier's first two claims alleging violations of 18 U.S.C. §§ 241 and 242 must be dismissed as both are criminal statutes and neither afford private causes of action, per se. [Complaint, Doc. 2, p. 3] Likewise, Mr. Frazier's claims pursuant 42 U.S.C. § 1983 fails. Violation of a federal statute does not automatically give rise a civil rights claim under § 1983; a plaintiff must assert the violation of a federal protected right, not just federal law. *Frison v. Zebro*, 339 F.3d 994, 998 (8th Cir. 2003); *see also Arkansas State Conf. NAACP v. Arkansas Bd. Of Apportionment*, 86 F.4th 1204, 1210 (8th Cir. 2023) (citing *Frison* as explaining why it is rare that criminal statutes give rise to private causes of action). If congressional intent cannot be inferred from the language of the statute, the statutory structure, or some other source, the implication of a civil remedy does not exist. *Frison*, 339 F.3d at 999. This is because criminal statutes impose criminal penalties against violators, something that civil parties cannot impose upon their adversaries. *Id*.

Mr. Frazier's allegations that the Defendants violated §§ 241 and 242 does not give rise to private causes of action as both statutes provide for fines or imprisonment; punitive remedies, not a "right, privilege or immunity" bestowed upon him. *See*, 42 U.S.C. § 1983. Additionally, courts have not interpreted either section to provide a civil cause of action. *United States v. Guest*, 383 U.S. 745, 754 (1966) (holding that § 241 "incorporate[s] no more than the Equal Protection Clause itself; the statute does not purport to give substantive, as opposed to remedial, implantation to any rights secured by that Clause"); *Timmon v. Wood*, 316 F.App'x 364, 365 (6th Cir. 2007) (holding

that § 241 and 242 are criminal statutes and create no cause of action); *Figueroa v. Clark*, 810 F.Supp 613, 615 (E.D. Pa. 1992) (holding that neither § 241 or 242 give rise to a civil cause of action). Therefore, Mr. Frazier's claims of violations of § 241 and § 242 must be dismissed.

### 2. Plaintiff's claim of Defendants' violation of the United States Flag Code must be dismissed.

Mr. Frazier alleges violations of "Title IV, Book 1 through 8 of the United States Flag Code." [Doc. 2, p. 3, unnumbered bullet point 8] It appears that Mr. Frazier is referencing, 4 U.S.C. §§ 1-8. As it relates to his Complaint, the only section that can be interpreted as concerning the Defendants is 4 U.S.C. § 6(e), which suggests, but does not require, that "[t]he flag should be displayed daily on or near the main administration building of every public institution." 4 U.S.C. § 6(e). As such, 4 U.S.C. § 6(e) does not bestow any rights upon the Plaintiff. Further, there is nothing in the statutes invoked by Mr. Frazier that grants a cause of action for recovery for a violation of any of those statutes. Moreover, there are no decisions of any court holding that there can be a private recovery for violation of any of those statutes. For these reasons, Mr. Frazier's claim regarding the Defendants' alleged violation of the United States Flag Code must be dismissed.

### 3. Plaintiff's claims of violations of 42 U.S.C. § 1985 and § 1986 must be dismissed because he has failed to establish a "meeting of the minds."

Mr. Frazier has failed to establish a "meeting of the minds" necessary to recover under 18 U.S.C. § 1985 and § 1986. In order to prove the existence of a civil rights conspiracy under § 1985(3), a plaintiff must prove:

> (1) [T]hat the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws," (3) that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was "injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States."

7

*Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

The "purpose" element requires a plaintiff to demonstrate a "class-based 'invidiously discriminatory animus.'" *Id*. Further, the plaintiff must allege with particularity and specificity material facts exhibiting that the defendants reached an agreement to violate his rights. *Id*. Finally, a § 1986 claim is dependent upon a valid § 1985 claim. *Williams-Bey v. Kempker*, 192 F.App'x 569, 571 (8th Cir. 2006).

Mr. Frazier has failed to sufficiently allege any elements of a conspiracy claim. Specifically, he has failed to show a "meeting of the minds" of the alleged conspirators. *Id*. Mr. Frazier has failed to state with sufficient clarity who conspired to violate his rights; how he was deprived of his rights, and even how any of the Defendants did anything in furtherance of the alleged conspiracy. Additionally, his Complaint fails to demonstrate "invidiously discriminatory animus" towards him by any of the Defendants. Therefore, Mr. Frazier has not sufficiently pled a § 1985 claim, and for this reason both his § 1985 and § 1986 claims must be dismissed.

C. **Plaintiff has not established a claim for which recovery is available under the Arkansas Civil Rights Act.**

Mr. Frazier has made several claims for recovery alleging violations of state law (unlawful use of the Arkansas Crime Information Center, failure to utilize a body worn camera, and violation of the United States flag code), therefore, these claims must be analyzed under the Arkansas Civil Rights Act ("ACRA"). To the extent that a claim is made pursuant to ACRA, a plaintiff must demonstrate that a person acting under color of law deprived the plaintiff of any rights, privileges, or immunities secured by the Arkansas Constitution, not merely an Arkansas statute. Ark. Code. Ann. § 16-123-105.

Unlawful use of the Arkansas Crime Information Center is a violation of state law, not the Arkansas Constitution. Additionally, there is currently no statute or state constitutional provision

requiring officers to wear body cameras. Moreover, the United States Flag Code is a federal statute outlining how the American flag should be displayed, it entitles no recovery and does not create a right or privilege under either the federal or Arkansas constitutions. Therefore, Mr. Frazier's claims regarding the Defendant's alleged unlawful use of the Arkansas Criminal Information System, failure to utilize a body worn camera, and violations of the United States Flag Code are not implicated by ACRA because these claims do not concern the deprivation of rights secured by the Arkansas Constitution.

    **1. Plaintiff's claim that there was unlawful use of the Arkansas Criminal Information System must be dismissed.**

On page 1 in unnumbered paragraph 2, and on page 3 in unnumbered paragraph 9 of Mr. Frazier's Complaint, he alleges a cause of action for unlawful use of the Arkansas Crime Information System ("ACIC"). The only factual allegation in the complaint regarding the ACIC, however, is in unnumbered paragraph 2 on page 1 of the Complaint [Doc. 2], which states: "[Assistant Chief Burnett] unlawfully accessed the Arkansas Crime Information Center ("ACIC"), minus any criminal wrongdoing on my part." [Doc. 2, ¶ 2] It appears that Mr. Frazier again references this claim on page 4, unnumbered paragraph 4, where he states: "Assistant Chief Burnett presented herself to me and stated my past criminal history to me, minus any crime of lawful justification." [Doc. 2, p. 4, ¶ 4] That factual basis is insufficient as a matter of law to support a claim that is plausible upon its face against any Defendant.

Furthermore, although improper use of ACIC carries with it criminal penalties, those penalties were created by Arkansas statute, Ark. Code Ann. § 12-12-1002, not the Arkansas Constitution. As set out above, the ACRA does not create any cause of action for a violation of an Arkansas statute and, consequently, Mr. Frazier's claim for the unlawful use of the ACIC must be dismissed.

### 2. Plaintiff's claim of Assistant Chief Burnett failing to wear a body camera must be dismissed.

There is currently no provision of the Arkansas Constitution that requires local police officials to utilize body worn cameras at all, let alone when requested for evidentiary reasons. Likewise, Mr. Frazier points to no Arkansas statute that requires police to use body worn cameras and that the failure to do so creates a private cause of action. Consequently, Mr. Frazier has not stated a claim upon which relief can be granted even assuming that Assistant Chief Burnett was not wearing a body worn camera at the time she encountered him, thus his purported claim must be dismissed.

### D. Plaintiff has not sufficiently plead claim for intentional infliction of emotional distress.

Mr. Frazier has alleged a claim for intentional infliction of emotional distress, known in the State of Arkansas as the tort of "outrage." *Patrick v. Tyson Foods, Inc.*, 2016 Ark. App. 221, 17, 489 S.W.3d 683, 695 (2016). This claim should be dismissed as Mr. Frazier has failed to plead any facts that support such a claim. *Sawada v. Walmart Stores, Inc.*, 2015 Ark. App. 549, 15, 473 S.W.3d 60, 69 (2015) (describing the tort of outrage as "disfavored"). To establish a claim for outrage in Arkansas, a plaintiff must show:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*FMC Corp., Inc. v. Helton*, 360 Ark. 465, 484-85, 202 S.W.3d 490, 504 (2005).

Arkansas courts give "a narrow view to the tort of outrage" and require "clear-cut proof to establish the elements in outrage cases." *Id*. Liability for the tort of outrage must come from only those cases "where the conduct has been so outrageous in character, and so extreme in degree, as

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*.

Mr. Frazier has not sufficiently pled that Defendants' alleged conduct rises to such an extreme level. Mr. Frazier has not alleged any facts to support **any** of the four elements of the tort of outrage. His Complaint makes one reference to the intentional infliction of emotional distress by saying: "[m]y family has been shattered by this ongoing issue, and a divorce seems eminent though undesired." [Doc. 2, p. 2, ¶ 1] "Merely describing the conduct as outrageous does not make it so." *FMC Corp.*, 360 Ark. at 485, 202 S.W.3d at 504. Mr. Frazier's claim has not been properly pled and does not meet the necessary threshold to demonstrate the tort of outrage. Therefore, his claim for the intentional infliction of emotional distress must be dismissed.

### E. Plaintiff has not sufficiently plead his claim for intentional infliction of pain and suffering.

Mr. Frazier's claim of "assault and battery," or as he later refers to it as "intentional infliction of pain and suffering" fails. To establish a prima facie case of battery in Arkansas, a plaintiff must demonstrate that (1) the defendant acted with intent to cause "harmful or offensive contact" or "create the apprehension of some harmful or offensive contact" to the plaintiff; and (2) the contact caused damage to the plaintiff. *Mullins v. Helgren*, 2022 Ark. App. 3, 12 (2022). Likewise, to establish the tort of assault, a plaintiff must establish that the defendant intentionally attempted, by force or violence, to injure another person, or to commit battery, or using threatening gestures or words accompanying "an immediate intention, coupled with a present ability, to commit a battery." *Anderson v. Driskill*, 550 F.Supp.3d 596, 631 (E.D. Ark. 2021).

In his Complaint, Mr. Frazier alleges that Sgt. Hobby "threatened [him]" with disorderly conduct and disturbing the peace. [Doc. 2, p. 4, ¶ 2] He then claims that he was a victim of battery and assault. [Doc. 2, p. 2, ¶ 5] Mr. Frazier's claim that he was "a victim of battery and assault" is

11

a legal conclusion that lacks a specific basis to support it. Mr. Frazier has not alleged in his Complaint that any of the Defendants acted with intent to cause him harm, that he suffered an injury as a result, or that he suffered the apprehension of being harmed. While Mr. Frazier has established that Sgt. Hobby told him to shut his mouth in an angry and unprofessional tone of voice, that alone does not rise to the use of threatening words coupled with an intention to commit battery required to demonstrate the tort of assault. Mr. Frazier also claims that Sgt. Hobby threatened to charge him with disorderly conduct and disturbing the peace. No Arkansas court has ever recognized such threats, even if unfounded, to constitute assault or battery. Therefore, to the extent that Plaintiff's claim of "intentional infliction of pain and suffering" or the torts of assault and battery must be dismissed.

### F. Plaintiff has not demonstrated that any of the elements of defamation are met.

Mr. Frazier alleges that the Defendants committed the state law tort of defamation. The following elements must be proved to support a claim of defamation: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. *Watkins v. Arkansas Department of Agriculture*, 2018 Ark. App. 460, *12, 560 S.W.3d 814, 823 (2018) (citing *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002)). The above elements must be proved to support a claim of defamation, whether it be by the spoken word (slander) or the written word (libel). *Northport Health Services, Inc. v. Owens*, 158 S.W.3d 164, 171 (Ark. 2004).

A viable action for defamation turns on whether the communication or publication tends or is reasonably calculated to cause harm to another's reputation. *Pingatore v. Union Pacific Railroad Company*, 2017 Ark. App. 459, *12, 530 S.W.3d 372, 380 (2017). Mr. Frazier has not

laid out any facts in his Complaint that satisfy any of the elements of defamation. Specifically, he has not made any allegations that the Defendants published any statement, let alone that any defamatory statement was made. Therefore, Mr. Frazier's claim of defamation of character should be dismissed.

**G. Plaintiff has not sufficiently plead a claim for a violation of the Arkansas Freedom of Information Act.**

Mr. Frazier claims that City Defendant Chris Madison ("Mr. Madison") violated federal law by allegedly failing to respond to his Freedom of Information Act ("FOIA") requests, but then goes on to claim that it was Assistant Chief Burnett who refused his FOIA requests. He then cites to § 25-19-107 of the Arkansas Freedom of Information Act to make his claim. [Complaint, Doc. 2, ¶¶ 10-11] Construing Mr. Frazier's complaint as liberally as possible, it appears that he is attempting to claim that both Assistant Chief Burnett and Chris Madison violated the Arkansas Freedom of Information Act, not federal law.

Under Arkansas law, a "custodian" is the "person having administrative control of [the requested] record." Ark. Code Ann. § 25-19-103. Mr. Frazier has not alleged that either Mr. Madison or Assistant Chief Burnett are custodians of the documents he requested. Moreover, Mr. Frazier appears to contradict himself by claiming that "City Counsel Chris Madison [] violated Federal Law for failing to respond to any of [his] Freedom of Information Act requests," however he then claims that Mr. Madison had Jennifer Hill respond to all of his requests. [Complaint, Doc. 2, ¶ 10] Moreover, Mr. Frazier claims that he requested the Alexander Police Department's Policy and Procedures Manual from Assistant Chief Burnett who refused, but then he claims he obtained them anyway. [Complaint, p. 4, ¶ 6] Therefore, Plaintiff's claim of violations of the Arkansas Freedom of Information Act are not plausible, are moot and, therefore, must be dismissed.

**H. Plaintiff lacks standing to seek criminal charges against the Defendants.**

Mr. Frazier has alleged what appear to be multiple claims against the Defendants that appear to equate to criminal charges. These claims include alleged violations of: Ark. Code Ann. § 12-12-212; Ark. Code Ann. § 12-12-1002; Ark. Code Ann. § 25-19-104; Ark. Code Ann. § 25-19-201; and Ark. Code Ann. § 25-19-401. However, Mr. Frazier lacks standing to assert these claims. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999). Therefore, Mr. Frazier is not entitled to relief for these claims, and they must be dismissed.

### I. Plaintiff is not entitled to perform a citizen's arrest of Assistant Chief Burnett.

Mr. Frazier has requested a warrant to perform a citizen's arrest of Assistant Chief Burnett. To support his claim, Mr. Frazier has cited "*Entick v. Carrington*, (1765) 95 Eng. Rep. 807 (K.B.)," an English common law case. However, Arkansas has only adopted the common law of England in effect prior to March 24, 1606; the *Entick* case was not decided until 1765. Ark. Code Ann. § 1-2-119. Therefore, it is not part of the law of Arkansas and has no precedential value. *See also Smith v. Smith*, 219 Ark. 304, 307, 241 S.W.2d 113, 114 (1951) (Arkansas law adopted English statutes of a general nature that were passed prior to 1607). Thus, Mr. Frazier is not entitled to a warrant to perform citizen's arrest of Assistant Chief Burnett, and his claim must be dismissed.

### CONCLUSION

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint under the doctrine of res judicata or, in the alternative, for failure to state a claim for which relief can be granted under Fed. R. Civ. Pro. 12(b)(6), and for all other just and proper relief to which they are entitled.

Respectfully Submitted,

City of Alexander, et al.
**SEPARATE DEFENDANTS**

By:   M. Keith Wren
Ark. Bar No. 94107
Attorney for Defendants
P.O. Box 38
North Little Rock, AR 72115
Telephone: (501) 374-3484, ext. 163
Email: mkwren@arml.org

## CERTIFICATE OF SERVICE

I, M. Keith Wren, do hereby certify that the above and foregoing has been electronically mailed or mailed by ordinary mail with sufficient postage affixed thereon, on April 10, 2025, to:

Keith Lamont Frazier
15202 Peak Loop
Alexander, AR 72202


*/s/ M. Keith Wren*
M. Keith Wren

15