```
                                                              FILED
                                                          U.S. DISTRICT COURT
                                                        EASTERN DISTRICT ARKANSAS
           IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS                   APR 16 2025
                       CENTRAL DIVISION
                                                        TAMMY H. DOWNS, CLERK
                                                        By:_____
                                                                      DEP CLERK
```

**KEITH LAMONT FRAZIER**                                    PLAINTIFF

vs.                       No. 4:25-cv00338-LPR

**CITY OF ALEXANDER, et al**                                DEFENDANTS


### RESPONSE TO SEPARATE DEFENDANT'S MOTION TO DISMISS WITH OBJECTIONS

Comes Now, Keith Lamont Frazier, attorney pro se, and for the Response to Motion to Dismiss, with objections, herein states and allege:

1. The ONLY grounds for dismissal are listed below:

   - **Lack of subject-matter jurisdiction.** Made invalid by change of venue request by *Separate County Defendant*, through counsel.
   - **Lack of personal jurisdiction.** Again, invalid by change of venue request by *Separate County Defendant*, through counsel.
   - **Improper venue.** This venue was requested by Defendants and their counsel. Res ipsa loquitor, it was their desired venue choice, not mine. I filed in a lower court.
   - **Insufficient process.** Not in question.
   - **Insufficient service of process.** All parties have had their due process rights granted.

   - **Failure to state a claim upon which relief can be granted.** For Investigator Gary Robertson, Jr., *Separate County Defendant,* my Writ of Mandamus, to reverse his discretion, mandating Investigator Gary Robertson, Jr. to do his duty is my only goal. Understanding my search for justice and accountability from our government, our law enforcers, and judiciary agents is for no other outcome, but to protect citizens. Anything less is failure to bear true faith and allegiance to our Constitution. Prosecuting violators of my rights is Investigator Robertson's reason to remain employed in his official capacity. Writ of Quo Warranto will be filed along with this response.

2. Listing his immunity from torts and negligence immunity under Ark. Code Ann. section 21-9-301 & Ark. Code Ann. section 23-79-210 displays the basis for my lawsuit. Just because you claim any immunity, claims of immunity cannot stand alone without scrutiny.

3.  A separate hearing should be held to ensure any immunity claims are lawful, valid, and applicable. Simply stated, he may be separate, but not special. Again, the ONLY grounds for dismissal are listed above.

4.  Having counsel state in line 3 of their filing, "The Separate Defendant has filed a brief in support of the instant motion contemporaneously herewith and the same is incorporated by reference   herein as if repeated word for word".

    - The Supreme Court recited the standard for surviving a motion to dismiss, "When considering a motion to dismiss brought under 12(b)(6), the allegations of the complaint should be construed favorably to the pleader." Sheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must inquire, however, whether the complaint meets the "plausibility" standard described by the United States Supreme Court, i.e., whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." Bell Atl. Corp v. Twombly, 550 U.S. 554, 560, 563(2007).

    - "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662. 678 (2009) (Referred to often as the 'Iqbal standard'). Plaintiff's Complaint contains a plausible claim for breach of contract, a plausible claim for relief and alleges breach of the covenant of good faith and fair dealing, which I have shown and mentioned.

    - "An attorney cannot admit evidence into the court. They are either an attorney, or a witness". "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

**QUOTE FROM THE CASE--** The Defendants' motion to dismiss for failure to state a claim unsupported by **affidavits** or **depositions** is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules12(b)(6) and 56(c). Statements of counsel in their briefs or argument, while enlightening to the Court, are not sufficient for purposes of granting a motion to dismiss or summary judgment. I need this Court to take mandatory judicial notice and remind the Court that the ONLY thing to consider is the FACTS of this case ON THE RECORD, but words from counsel are not sufficient to rise to the level of FACT.

*"The representative of the Plaintiff is likely to be the only individual, now or in the future, who is willing and able to place a sworn affidavit affirming the herein disclosed facts under penalties of perjury, into the record of this case and as such, in absence of sworn counter-affidavit signed under the penalty of perjury regarding these same facts, laws, case laws and evidence, the Plaintiff should be the only prevailing party.* Morris v. National Cash Register, 44 S.W. 2d 433, ALSO *"uncontested allegations in an affidavit must be accepted as true."*, AND the case of Group v. Finletter, 108 F. Supp. 327 states, *"Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit."*

5.  Ensuring a signed affidavit placing all responses UNDER OATH, should be the barest minimum of showing true faith and good faith.

6. Having counsel state in Lines 4, regarding "Separate Defendant is entitled to dismissal of the Amended Complaint against him". If that were actual and factual, why would a judge need to decide on said 'entitlement'?

7. Having counsel state in Line 5, regarding:

- "Separate Defendant reserves the right to plead further and retain the following defense: listed as letters A through K:
- Prison Litigation Reform Act (PLRA) provisions, including damages limitations and fee limitations. I am not a prisoner, so I question its applicability.
- Sovereign immunity only to the extent found applicable. Any immunity must be scrutinized.
- Acquired Immunity Doctrine only to the extent found applicable. Any immunity must be scrutinized.
- Defendant is entitled, including but not limited to, statutory, tort, qualified, and punitive damages immunity, only to the extent applicable. Any immunity must be scrutinized.
- Waiver, estoppel, laches, unclean hands, and bad faith.
- Defendant asserts all limitations periods as found applicable. Statutes of limitations are self-evident.
- Common defense doctrine only to the extent found applicable. Common defense doctrine is also available to Plaintiff.
- The Separate Defendant avails themselves of all applicable defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure:
- The Separate Defendant reserves and preserves the right to assert any available counterclaims and/or third-party claims under Fed. R. Civ. Proc. 13 & 14.

8. From all above bulleted protections, it would appear 'Investigators are not obliged to Investigate anything'. Get me an application.

9, The Federal Rules of Civil Procedure 13 would only benefit Plaintiff, if after thorough investigation, criminality by defendants is detected and acted upon by law. Plaintiff could then file a cross-complaint or counterclaim, based upon the outcome of this lawsuit.

10. The Federal Rules of Civil Procedure 14 pertains to third-party practice. It would only apply if a third-party is called upon by Separate Defendant or other defendants.

11. Separate Defendant has, at no time, denied any of my claims. Ark. R. Civ. P. 8(b) states, "Denials shall fairly meet the substance of the averments denied." Simply arming oneself in defenses shows *mens rea* of the failure to execute the duties of the office being held.

12. Plaintiff's only defense is the Constitution of the United States, which is also my offense. I have no other option but to OBJECT to the provisions allowing my lawsuit to be dismissed based on below listed objections:

>OBJECTION- Hearsay, Counsel has no firsthand knowledge.
>
>OBJECTION- If counsel wants to add to the record, they must first be sworn in.
>
>OBJECTION- Statements of counsel are not sufficient for a motion to dismiss.
>
>OBJECTION-Arguing outside the facts in evidence. The only facts before this Court are my affidavits and my evidentiary exhibits.
>
>OBJECTION- Plaintiff objects to MOTION TO DISMISS and for record to be preserved for APPEAL, per Federal Rules of Appellate Procedure 3.
>
>- Per Federal Rules of Civil Procedure 8(a)(2), facts are on the side of the Plaintiff.
>- Per Federal Rules of Civil Procedure 72(b)(3), it is my right to object.
>- Per Federal Rules of Civil Procedure 8(a)(3), law is on the side of the Plaintiff.
>- Per Federal Rules of Civil Procedure 15, the Plaintiff can amend the complaint to bring it into compliance.

13. All claims presented by Plaintiff are backed by evidence captured on Body Worn Camera (BWC), evidentiary hardcopies or recording devices.

14. Arkansas is a one-party state for audio capture of private conversations pertaining to this case.

15. All failed FOIA violations are also captured on BWC, emails or cell phone recordings.

16. Any allegations of lawlessness, constitutional rights violations or injuries are backed by evidentiary facts.

17. My committing perjury under oath are both res ipsa loquitor and prima facie criminal acts which are punishable by law.

18. Exhibits list:

    - Body Worn Camera (BWC) footage of Officer D. Shaw of Sergeant B. Hobby Battering and Assaulting Plaintiff Keith Lamont Frazier.

Violating my 4th Amendment Right to be secure in my Papers, PERSON, and Effects.

- Body Worn Camera (BWC) footage of Officer Thyhuirst, evincing former Assistant Chief Jessica Burnett, refusing to obtain and utilize a BWC when requested by citizens, violating Alexander Police Policies & Procedures.

Married former Chief and former Assistant Chief, violate the Nepotism & Fraternization policy of the Alexander Police Policies & Procedures manual. Revised 2020 and signed by former Police Chief Robert Burnett.

- Disk with Freedom of Information Act (FOIA) requests denied, improperly responded to, and incomplete. Also, past due for the time to reply to satisfy ALL public records requests. Refusal to provide requested information, and unprofessional interaction with the public.

Owens v. City of Independence, 445 U.S. 622 (1980). "A municipality has no immunity from liability under Section 1983 flowing from its Constitutional violations and MAY NOT assert the good faith of its officers as a defense to such liability. "Officers of the Court have no immunity, when violating a Constitutional Right, from liability. For they are deemed to know the law."

Common law allows Plaintiff to arrest criminal police officers. A magistrate judge then provides a warrant for the criminal violation. No one is above the law.

## RESIDENCY AND PARTIES

- Plaintiff, KEITH LAMONT FRAZIER, was at all times relevant, a citizen and resident of 15202 Peak Loop, Alexander, AR 72002.

- Defendant Investigator Gary Robertson Jr. is currently employed with Saline County, Arkansas criminal investigations.

- Chief Burnett, Assistant Chief Burnett, Sgt. B. Hobby, and Ofc. D. Shaw, at were all times relevant, employees of the Alexander Police Department.

- Attorney Chris Madison is currently employed with the City of Alexander as legal counsel.

## BASIS FOR VENUE AND JURISDICTION

Under 28 U.S.C. § 1391, venue for this case arises under the United States Constitution or federal laws or treaties. Jurisdiction for this case under 28 U.S.C § 1331.

I shall send a copy of filed Writ of Affidavit to the Attorney General, to ensure it enters the record.

Respectfully submitted,

KEITH LAMONT FRAZIER
*Attorney Pro Se*
15202 Peak Loop
Alexander, AR 72002
(501) 507-2146
melaninrenaissance.finally@gmail.com