FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 05 2025

TAMMY DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEITH LAMONT FRAZIER**                    PLAINTIFF

v.        CASE NO 4:25-CV-00338-LPR

**CITY OF ALEXANDER, et al**                DEFENDANTS

### RESPONSE TO DEFENDANT'S COMBINED RESPONSE/REPLY TO PLAINTIFF'S FILINGS DOC. 11, 12, 13, 14 AND 15

Comes Now, Keith Lamont Frazier, attorney pro se, and for the Response to Defendant's Response/Reply to Plaintiff's filing Doc. 11, 12, 13, 14, and 15, and do herein state and allege:

1. Counsel for the Municipal League, M. Keith Wren, seems to be unable to recognize what Plaintiff is 'attempting'.

2. Counsel for the Municipal League, M. Keith Wren, also responds for 'The City' in 'opposition' to what counsel cannot recognize.

3. The Courtroom should be the legal venue for him to figure out what I am 'attempting' to do.

4. Unorthodox filings come from currently having to rely, only upon myself, to file my case to the best of my ability.

5. To take advantage of my naivete should help any APPEALS filed by Plaintiff, reverse Judge Rudofsky's decisions, which we are both aware are undesirable.

6. Opposing counsel should realize that he is currently my greatest advocate for my appointment of counsel. (DOC. 12)

7. Stating he does not know what I am trying to do is irrelevant. Purely factual allegations on my part are the only matter that opposing counsel should consider.

8. Failure to sign the Affidavit of Commercial Liability shows a lack of good faith. Objections to future filing or testimony for HEARSAY will be considered ongoing, until the Affidavit is signed and filed.

"An attorney cannot admit evidence into the court. They are either an attorney, or a witness". "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," <u>Trinsey v. Pagliaro</u>, D.C. Pa. 1964, 229 F. Supp. 647.

1. The heading for my Response to Separate Defendant's Motion to Dismiss with Objections is *res ipsa loquitor,* and when did Kayden Lewis relinquish her position as counsel for *Separate Defendant Investigator* Gary Robertson?

2. M. Keith Wren <u>seamlessly</u> merged responses for this newly christened 'Separate City Defendants', whereas Ms. Lewis should respond for *Separate Defendant* Investigator Gary Robertson.

3. M. Keith Wren should respond for the defendants that he initially filed that <u>he</u> represented. Not a 'COMBINED' response.

4. Counsel states, "However, it appears that Mr. Frazier is attempting to introduce video or audio evidence to support the allegations laid out in his complaint and are, therefore, outside of the pleadings [and] are not allowed at this stage. Moreover, they were not provided to the undersigned counsel. Conversely, Mr. Frazier also appears to reallege allegations from his complaint on page four of his Response. Therefore, no reply is needed".

5. I am not 'attempting to introduce video or audio evidence', Plaintiff is, in fact, introducing all evidence, as is required by law and Federal Rules of Civil Procedure!

6. Counsel should not grow comfortable that certain evidentiary material has been filed earlier than is legally required. To offset the corrupt and unlawful behavior of Judge Billy Roy Wilson, I have learned to defend myself against unscrupulous behavior by filing SOME evidence, not ALL!

7. The Discovery phase of this case is where Plaintiff is lawfully obliged to provide the audio and video evidence, I have to opposing counsel and any other lawfully required documents as well. Defendants' rights must be protected as well as Plaintiff's.

8. Formerly, I was forced to file 'FRAUD UPON THE COURT', to which opposing counsel is aware is still my right to file, if I so choose.

9. Those who violate their ethics and moral obligations, either judicially or for the State Bar, will have that same 'evidence' provided to sanction those who failed to follow the Constitution or the LAW!

10. Plaintiff, in filing for QUO WARRANTO, was simply reminding the "City that 'WE THE PEOPLE' are the head of government, and not, we the GOVERNMENT, are the head of the PEOPLE.

11. Citizens decide their form of government, as well as who is privileged to lead it.

12. If the Charter for a City grants them their RIGHTS AND POWERS, pursuant to the following of the Constitution of the United States and the Constitution of the State of Arkansas, then failure to follow those Constitutions voids their Rights and Powers.

13. Plaintiff reserves the right to re-file Quo Warranto, pending the outcome of the case. The lower courts inability to dissolve the charter of a city is not a power denied the Federal Courts.

14. Plaintiff, in filing Writ of Mandamus, was again reminding *Separate Defendant* Investigator Gary Robertson, that he has an obligation to provide service in accordance with his position's mandate. Failure to do so is why the Writ of Mandamus is provided. Judges are not exempt from Mandamus filings. It is a means to alter the discretion given to public servants or judiciary, MANDATING they discontinue and action, or to engage in an action to provide service.

15. Counsel once again states, "'Concerning Doc. 15, it purports to be a response to the Separate Defendants Motion to Dismiss.' It is, however, for the most part a disjointed rambling of non-sequiturs that provides no factual or legal basis that would provide this court with a reason to not dismiss the Plaintiff's complaint. Plaintiff's medical record attached thereto at pages 29-30 and 39 speak for themselves.'"

16. The above statement regarding my 'provided' **medical records** ('pages 29-30 and 39' speak for themselves) constitutes **slander**! That form of unprofessionalism will force me to take the necessary steps to protect my character!

17. My **criminal history** is also now part of the public record, since Plaintiff provided them as well. (This is counsel's only warning that you will be given to refrain from restating anything slanderous or libelous regarding my **medical records or criminal history** in the future)!

18. To reiterate, Plaintiff requested counsel (Doc. 12). Counsel Matthew Keith Wren seems to be my best advocate for having counsel appointed.

19. Recall, Plaintiff initially filed in the lower courts. It was removed and elevated to the higher Court by others, due to certain positions held by those whom Plaintiff sued for their unlawful behaviors.

20. Having opposing counsel reference 'evidence', often and incessantly, should be the justification to continue my case, and have said 'evidence' provided to a jury of my peers for them to decide the lawful outcome.

Respectfully submitted,

*[signature]*

KEITH LAMONT FRAZIER
*Attorney Pro Se*
15202 Peak Loop
Alexander, AR 72002
(501) 507-2146
melaninrenaissance.finally@gmail.com