IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITH LAMONT FRAZIER                                                                              PLAINTIFF

VS.                                    CASE NO. 4:25-CV-00338 LPR

THE CITY OF ALEXANDER, ARKANSAS,
A Body Corporate and Politic, CHIEF ROBERT BURNETT,
In His Individual and Official Capacity as
the Chief of Police, ASSISTANT CHIEF JESSICA BURNETT,
In Her Individual and Official Capacity as
Assistant Chief for the Alexander Police
Department, SGT. B. HOBBY, In His Individual
and Official Capacity as a Police Officer for the
City of Alexander, Arkansas, GARY ROBERTSON JR.,
In His Individual and Official Capacity as Police Officer
for the City of Alexander, Arkansas                                                                DEFENDANTS

## RENEWED MOTION TO BE RELIEVED AS COUNSEL

Comes undersigned counsel **Austin Porter Jr., d/b/a PORTER LAW FIRM**, and for his renewed motion to be relieved as counsel, he states the following:

1. The plaintiff filed his *pro se* complaint in the Saline County Circuit Court on March 7, 2025.

2. The defendants filed a *Notice of Removal* on April 9, 2025.

3. On May 9, 2025, this Court entered an order dismissing some of the claims brought by the plaintiff, and then appointed undersigned counsel to try and salvage the plaintiff's complaint.

4. The Court directed undersigned counsel to file an amended complaint within sixty (60) days of May 9, 2025, or by July 8, 2025.

5. Undersigned counsel has submitted an amended complaint to the plaintiff, but he is determined to go in a different direction, and is refusing to accept counsel's advice, to the point that the attorney/client relationship has been irreparably harmed.

6. On June 24, 2025, this Court conducted a hearing on the motion to be relieved, which was attended by plaintiff Keith Lamont Frazier.

7. Due to the nature of the matter, the Court asked opposing counsel to exit the court room so that sensitive matters could be discussed.

8. However, when opposing counsel left, Mr. Frazier sort objected to opposing counsel being required to leave, and insisted that he be present as well.

9. The Court asked Mr. Frazier if he was waiving his attorney/client privilege, to with Mr. Frazier said "yes."

10. During this hearing, Mr. Frazier raised several points that he was not happy with, in particular to the Court's method in making certain rulings, and he opposed undersigned counsel's motion to be relieved.

11. The Court asked Mr. Frazier if he was willing to follow counsel's advice, and Mr. Frazier implied that as long as he was happy with the advice given.

12. Undersigned counsel agreed to stay on the case, hoping that Mr. Frazier would be willing to listen to counsel's advice, but that has not come to fruition.

13. Mr. Frazier is again insisting that undersigned counsel pursue claims that have no merit, and ethically cannot be pursued.

14. Undersigned counsel recognizes that it is in everyone's best interest to have competent counsel representing parties in litigation.

15. In my thirty-nine (39) years of practice representing hundreds of clients in federal and state courts, I can only think of maybe five (5) situations where undersigned counsel has requested to be relieved.

16. After a hearing on the motion to be relieved, which lasted 1.5 hours, the Court directed undersigned counsel to spend no less than thirty (30) minutes, but no more than two hours with Mr. Frazier listening to his concerns.

17. On June 27, 2025, undersigned counsel met with Mr. Frazier starting at 10:15 a.m., and ending at 12:45 p.m. listening to his concerns and gathering more information about his claims.

18. Undersigned counsel also spent about 3.75 hours of time watching and listening to three (3) body cam videos involving Mr. Frazier's activities at the Alexander Police Department on the dates of October 26th, 28th, and 29th, 2024.

19. After viewing the videos, undersigned counsel represents that they do not serve Mr. Frazier's cause.

20. In addition, Mr. Frazier has been filing things in this case, and it is now my understanding that Mr. Frazier has sued his honor, and has made several grievances about this court and its staff.

21. Undersigned counsel is requesting to be relieved as the attorney of record, so that the plaintiff can pursue his claims as he sees fit.

22. Today, starting at 4:30 a.m., undersigned counsel spent approximately 4.5 hours writing an eight-page letter detailing my assessment of Mr. Frazier's claims, and the applicable law, which Mr. Frazier suggests that he knows better than anyone.

23. Undersigned counsel has spent approximately twenty (20) hours of his time in dealing with Mr. Frazier's claims.

24.     I do apologize to the Court for having to resort to such drastic measures.

THEREFORE, the undersigned counsel requests that his motion be granted, and for all other just and proper relief.

>Respectfully submitted,
>
>Austin Porter Jr.
>Bar Number 86145
>PORTER LAW FIRM
>The Tower Building
>323 Center Street, Suite 1300
>Little Rock, Arkansas 72201
>Telephone: 501-244-8200
>Facsimile: 501-372-5567
>E-mail: Aporte5640@aol.com

CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas – Central Division, on the 11th day of July 2025 using the CM/ECF system, which is designed to send notification of such filing to the following:

M. Keith Wren
Arkansas Municipal League
301 West Second Street
North Little Rock, Arkansas 72114

Email: mkwren@arml.com

Daniel Knox Faulkner
Owens & Parker Law Firm, P.A.
1312 Oak Street
Conway, Arkansas 72034

Email: faulkner@jowenslawfirm.com

Keith Lamont Frazier
15202 Peak Lopp
Alexander, Arkansas 72202

Email: melaninrenaissance.finally@gmail.com

>Austin Porter Jr.