IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 14 2025

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

Case No. 4:25-CV-00338-LPR

Frazier v. City of Alexander, et al
Assigned to: Judge Lee P. Rudofsky
Case in other court: Saline County Circuit Court, 63-CV-25-453-3
Connected case in Federal Court: 4:25-CV-624-BSM
Cause: 28:1441 Petition for Removal – 42:1083 Civil Rights

Date Filed: 07/14/2025
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Right: Other
Jurisdiction: U.S. Government Defendant
Trial Date: tba

KEITH LAMONT FRAZIER

Plaintiff

v.

CITY OF ALEXANDER, CHIEF BURNETT, ASSISTANT CHIEF BURNETT, SGT. B. HOBBY, OFC. D. SHAW, CITY COUNSEL CHRIS MADISON, INVESTIGATOR GARY ROBERTSON JR., et al

Defendant(s)

## SECOND AMENDED COMPLAINT WITH EXHIBITS

COMES NOW, Plaintiff, KEITH LAMONT FRAZIER, attorney *pro se*, entering Second Amended Complaint against Defendant(s), states and alleges the following, with pertinent documents and Exhibit entries to the Court:

### HISTORICAL BACKGROUND

- I, Keith Lamont Frazier, a black man, and my twin brother Kevin Lamar Frazier, were both former California National Guardsman, which we joined between our junior and senior year of high school, on the split training option.

- We went to Army Boot camp in Fort Sill, Oklahoma, and upon completion later, graduated from Junipero Serra, High School, in Gardena, California. We were assigned to the 143rd Evacuation Hospital 'Mustangs' out of Los Alamitos, California, for weekend drills and training for domestic and medical emergencies.

- After two years, being disillusioned by the low standards set for service in the National Guard, then decided to separate from my twin brother and enlisted into the United States Marine Corps. He enlisted into the United States Air Force.

- Boot camp was completed in Marine Corps Recruit Depot, San Diego, California. Then stationed in Santa Ana, California with an F-18 squadron. VMFA-531; 'Grey Ghosts'. I was split trained as a Military Police Officer while awaiting training orders for F-4's.

- I was educated in the Military Occupational Specialty; Communication, Navigation, and Electronic Countermeasures Technician (CommNav Tech) out of Naval Air Station, Millington, Tennessee.

- After training completion, I was stationed in Beaufort, South Carolina to F-4 squadron VMFA-333 'Trip Tray' for on the job training with F-4s. I again was split trained as a Military Police Officer, tool room technician, and other military occupations.

- Upon orders to be assigned to my 'Permanent Duty Station', I was processed for an overseas billet, in Camp Pendleton, California enroute to Marine Corps Air Station, Kaneohe Bay, Hawaii.

- I have been on the Honor Guard to raise the American Flag 'Old Glory' at the U.S.S. Arizona Memorial, as well as the U.S.S. Utah, in Pearl Harbor, Hawaii. There Navy Sailors, and United States Marines gave 'the last full measure' on December 7, 1941 where the Japanese Kamikaze airmen bombed Pearl Harbor, Hawaii.

- I was stationed in the Fleet Marine Force with the F-4 squadron VMFA-235, 'Death Angels'. We later rotated on standard Western Pacific (WestPac) tours to Iwakuni, Japan, Osan, South Korea, Funtenma, Okinawa, and Subic Bay, Philippines, battle islands of Midway, Wake, and Guam.

- I was honorably discharged on September 13, 1988.

- I returned home to Los Angeles, California, married, and started my family.

- I re-educated myself as a Paralegal/Legal Secretary/Receptionist from Century Business College in Los Angeles. I also continued my education in the two-year institution, Los Angeles Southwest College.

- I was witness to the Rodney King beating in Simi Valley, California, as the video was seen worldwide! I was also witness to the verdict that ignited a lawless and destructive series of rioting that decimated my city. No 'court justice' saw 'street justice' ensue. WE THE PEOPLE, will not be brutalized by those whom our tax dollars pay to 'protect and serve' us!

- My middle oldest brother, Gary Frazier, was a member of the Los Angeles Deputy Sheriff's Department, as the looting and destruction raged on in California for weeks.

- I was witness to the decimation of Los Angeles, and surrounding areas, from the Van Nuys 7.2 earthquakes as well.

- 'There is no education in the second kick of the mule'. I have had my case derailed previously by Shannon S. Smith through Jonathan Ross, and executed by Judge Billy Roy Wilson in the past, and do not wish to have a repeat of the experience. My

constitutional rights were blatantly violated, as well as violations of the Federal Rules of Civil Procedure, Code of Judicial Conduct (CJC), and the United States Constitution.

- I am very aware that the DISCOVERY phase of litigation is where the listed EXHIBITS should be presented, but "out of an abundance of caution" I have presented them prematurely in prophylaxis.

- After initiating Judicial Complaint Proceedings (JCP) against judge Billy Roy Wilson, (JCP 90008 and 90009) along with Magistrate judge Evie Ervin, seemingly only after judge Wilson retired from the bench (February 2025), in the Eighth Circuit Court of Appeals, my Appeal was granted. (Appeal no. 25-1371).

- I will not stand idly by as the officers, staff, and judges violate my rights in the Federal Court, and will ensure to protect myself and my case from the unscrupulous delay tactics being utilized against me.

## SECOND AMENDED COMPLAINT

Violation of 42 U.S.C. § 1983, CIVIL ACTION FOR THE DEPRIVATION OF RIGHTS.

- On October 26, 2024, upon visiting the City of Alexander Police Department, which was a Saturday, at approximately 1 p.m., I was to visiting to inquire why the American Flag was not present on the premises, as this is a violation of the Flag Code, Title 4, books 1-8. (cite flag code) My previous honor guard service in the United States Marines left me with these questions.

- In my initial encounter with Sergeant Jonathan Hobby (badge 203), and officer D. Shaw (badge 209), the officers engaged me to inquire if they could assist me. I asked questions regarding why there was no American flag on the premises, none on their police cruisers, nor their uniforms. This is standard for every Police Department I have ever seen.

- After telling me to exit the premises before I had answers to those questions, Sergeant Hobby escalated the situation by telling me I was 'disturbing the peace', which I educated him as being incorrect. Law enforcement officers cannot be the subject of a disturbance of the peace, but to protect citizens from having their peace disturbed. Next he argued that I was engaging in 'disorderly conduct', and I again educated him that law enforcement cannot be the subject of disorderly conduct as well, as their very presence with weapons is disorderly to the rights of citizens 'life, liberty, and pursuit of happiness' as they have arresting powers. Also, the power to utilize deadly force for criminal behavior.

- Of course, my educating him escalated his anger further. He left agitated, and Officer Shaw followed.

- The initial encounter was not recorded, but the secondary encounters was recorded on Officer D. Shaw's body worn camera (BWC), starting at approximately 1:36 p.m.

- I desired to file a petition for the redress of grievances, as is my first Amendment right, to get the flag flown properly on their premises. I then entered the front entrance to the Police Department, and knocked on the door. Sergeant Hobby, along with Officer Shaw entered the lobby, and BWC footage was then taken to document the entire 1 hour and 20 minute episode.

- The onset of the encounter was elevated, with Sergeant Hobby yelling, telling me to 'shut up' and to 'shut my mouth'. A violation of my 1st Amendment right to free speech. I responded negatively and forcefully, as to have my point of my view listened to by our public servants. Whom else are we to give our petitions too?

- "[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions...for speaking out." Peterson v. Kopp, et al., 754 F.3d 594, 600 (8th Cir. 2014), *quoting*, Hartmann v. Moore, 547 U.S. 250, 256, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006).

- During this second encounter, Sergeant Hobby grabbed me by the arm forcefully and attempted to escort me from the station. This is a violation of my 4th Amendment right to be secure in my PERSON. Also, the crime of simple Battery and Assault. Violation of 18 U.S.C. § 241 for DEPRIVATION OF RIGHTS UNDER THE LAW. Body Worn Camera footage is listed as an Exhibit.

- Sergeant Hobby later apologized, which was heartfelt and authentic. I am reluctant to hold him to account, since he proved he is a good man, who can find fault in their behavior, and be man enough to apologize for his mistakes.

- Officer Shaw was simply witness to all that unfolded, and is obligated when fellow officers violate rights, to intervene. This should occur per the George Floyd Mandate to Intervene statute. Violation of 42 U.S.C. §§ 1985, 1986 for CONSPIRACY AND NEGLIGENCE.

- I did alert the officers that I would return at a later time with my cameras, as to record my encounter with them while I filed my petition.

- Upon returning to the Alexander Police Department, On October 28, 2024, former Assistant Chief Jessica Burnett communicated to me my name, and 2003 criminal history. DEFAMATION OF CHARACTER. Obvious to me then, she violated my 4th Amendment right to be secure in my PAPERS by unlawfully accessing my criminal history! Violation of 18 U.S.C. § 241 for DEPRIVATION OF RIGHTS UNDER THE LAW. I then requested another complaint form to be filed against her, as to add her violation of my Privacy to the petition. Violation of 42 U.S.C. § 1983, CIVIL ACTION FOR THE DEPRIVATION OF RIGHTS.

- Assistant Chief Burnett attempted to cover up her misuse of the ACIC, by refusal to obtain her BWC when requested. This shows *mens rea*.

- Officer Thyquist, who was nearby, upon my request came into the lobby of the Alexander Police Department. I asked him if his BWC was operational, and he stated it was. His BWC recorded the incident after former Assistant Chief Jessica Burnett attempted to flee behind the 'Authorized Personnel' door.

- I filed a complaint, which was complimented for my prose by former Assistant Chief Jessica Burnett. She is an English major, and she also stated that I had lovely handwriting.

- I later went to the ACIC office in Little Rock, Arkansas, with a notary public sealed request for my criminal history. That rudimentary report showed no unlawful usage of the ACIC by former Assistant Chief Jessica Burnett.

- After speaking with Director of Operations, Rick Stallings, he then informed me the necessity to subpoena the requested evidentiary documentation, as even he cannot look into his OWN criminal history without a second party over watching him while accessing the ACIC system.

- I filled out the subpoena in the Saline County Court, and returned it to him. He immediately investigated the violation. He asked me where the fingerprint card was located, that was to be attached to any search into the ACIC. I informed him that the usage was unlawful, without me committing any criminal infraction, nor being even so much as detained by law enforcement officers.

- Director of Operations, Rick Stallings, thoroughly investigated the violation, and found the incriminating facts. There is an email chain. I have a letter from, then Sergeant Preator of the Alexander Police Department, who is now the current Chief. He wrote, "He had no idea why former Assistant Chief Jessica Burnett used the ACIC system".

- Upon obtaining the subpoenaed report, indeed, Assistant Chief Jessica Burnett, after input of her Employee Identification Number (EIN) into the system, had her name on top of the pages, proving her unlawful access of the system.

Criminal penalties for violation of Arkansas Code Annotated (A.C.A.) § 12-12-212, , Arkansas Code Annotated (A.C.A) §12-12-1002(b)

    (1)    Accesses information or obtains information collected and maintained under this subchapter for a purpose not specified by this subchapter; or

    (2)    Releases or discloses information maintained under this subchapter to another person who lacks the authority to receive the information.

- A.C.A. § 12-12-212 (release or disclosure to unauthorized person - penalty) has a six (6) year jail sentence, and/or $250,000.00 (two hundred-fifty thousand dollar) fine. A.C.A. § 12-12-1002(b)(criminal history information and reporting standards - penalty) has a six (6) year jail sentence, and/or a $500,000.00 (five hundred thousand dollar) fine.

- The civil penalties for violations are listed in the Criminal History Records Information (CHRI). A person is guilty of a Class D Felony per ACIC Section 8(5) of **Investigations, Violations, and Appeals**. (5) Prosecution of an individual or individuals. Under A.C.A. § 12-12-212, , and §12-12-1002, unauthorized use of the ACIC is a FELONY. Misuse of the ACIC, and/or information obtained from it, may be a violation of other applicable state or federal laws.

- Civil Penalties - View Document - Arkansas under 214.00.3-805. (a) The Director, Jeff Long, may assess civil penalties against individuals or organizations violating the relevant laws and regulations related to criminal history information.

- Violation of 18 U.S.C. § 241 for DEPRIVATION OF RIGHTS UNDER THE LAW.

- As her husband is the former Chief of the Alexander Police Department, which violates the 'Nepotism and Fraternization' policy in the Alexander Police Policies and Procedures manual, their relationship flags the 'family connections' aspect of the ACIC violation.

- All officers, including his spouse, under the leadership of the former Chief of Police, holds him responsible for their behavior while performing their duties.

- While filing my Complaint in the Saline County Circuit Court, I also attempted to file a criminal complaint. Investigator Gary Robertson, Jr. refused on numerous occasions to investigate the crime I had evidence to prove. He during numerous phone conversations, was unprofessional, rude, and disrespectful to both me and my wife. I retain voicemail recordings and other recorded conversations. I had demanded him to act as his role in government demands. Investigate the criminal acts I was reporting to him!

- The latest NEGLIGENCE OF DUTY refusal was on Friday, March 7, at 7:55 a.m. He informed me to contact the new Chief of the Alexander Police Department to initiate a law enforcement response, and if I did not accept that answer, to 'sue him then'. Of course, he is listed as a defendant, as to follow his most logical request

- I filed a Writ of Mandamus (docket no. 14) in which to force Investigator Gary Robertson, Jr. to fulfill his duty.

- My Response to Order to Dismiss for Special Defendant, Investigator Gary Robertson, Jr. was Ordered 'stayed for docket management' by Judge Lee P. Rudofsky. (Docket no. 23).

- I not only notified the Federal Bureau of Investigation (F.B.I.), but also Assistant United States Attorney (AUSA) Chris Givens. No assistance was given, even after citing to both the statute which obligates them to act.

- I have a recorded phone call with AUSA Chris Givens, after looking up the statute which obligates him to investigate, read the citation aloud, and still refused to assist me.

- I spoke at length with Ryan Kennedy, the Chief Division Counsel (CDC) of the F.B.I. who was apprised of the situation with one of his agents refusing to act as well. He asked

me if I wanted to file a formal complaint. I refused, as it would not be a catalyst for much needed change.

- My psychiatrist at the VA gave me a thorough psychological and psychiatric evaluation, which I have filed on the docket. My agitated state is a direct response to the failures of my government to act in accordance to their job descriptions. Law enforcement acting lawlessly, federal agents unwilling to assist their charges, judges engaging in unscrupulous behaviors, etc. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED).

- My Primary Care Physician (PCP) has increase my anti-depressants to the maximum dosages, and my sleep state is intermittent and negligible. Both are willing to testify on my behalf, once subpoenaed.

- My family, my wife, and I have all lost faith in our government, have endured pain and suffered and a loss of the enjoyment of life. This incident, and its ongoing escapades have shattered my family cohesion, and a divorce seems eminent though undesired. INTENTIONAL INFLICTION OF PAIN AND SUFFERING (IIPS).

- City counsel Chris Madison, violated Freedom Of Information Act laws by for failure to respond to any of my FOIA requests. Jennifer Hill, the City of Alexander Office Manager, has responded to all of his requests, satisfying to the best of her abilities the answers she was capable to provide.

- The recorded minutes of a meeting on March 5, 2025, with the Mayor of Alexander, Kathy Herrmann, Chief of Police Preator, Chris Madison, and Jennifer Hill are an Exhibit on the docket. I also have the entire meeting video recorded on my Iphone.

- At the meeting, on March 5, 2025, Chris Madison stated he had never received any of my emailed FOIA requests. I soundly criticized the system quality due to this failure to get to their intended recipient. Each failed FOIA request has a $2,500.00 (two-thousand five hundred dollar) penalty for non-compliance with the laws.

- The FOIA laws provide for both civil as well as criminal enforcement. The FOIA's criminal sanctions are found in Section 25-19-104, which provides that "[a]ny person who negligently violates any provision of this [act] shall be guilty of a Class C misdemeanor." A Class C misdemeanor is punishable by a fine of up to $500, (five hundred dollars), imprisonment for up to 30 days, or both. Arkansas Code Annotated §§ 5-4-104, -201,-401. The FOIA civil process is found in Section 25-19-107 and permits civil suits to enforce the FOIA.

- On May 5, 2025, between 11 a.m. and 1 p.m., upon entering the Federal Courthouse, 700 West Capitol Avenue, Little Rock, Arkansas, I was unnecessarily made a 'person of interest', subject of a 'Be On the Look Out', (BOLO) and became a victim of simple Battery and Assault. The United States Marshal who violated my rights was made anonymous to me at the time. He is listed as 'unnamed Defendant 2' in litigation which Judge Lee P. Rudofsky is a party. Judge Rudofsky is listed as 'unnamed Defendant 1'.

<u>See Frazier v. Doe(s), 4:25-CV-624-BSM</u>.

- I have re-visited the Federal Courthouse often, and no further interaction with law enforcers has occurred. I have not altered any of my previous behaviors, which would NOT prevent a law enforcement response. The 'criminal' continues to return to the scene of the crime. This is a continuation of the exact same behavior by our government's law enforcement officers that initiated my lawsuit in the first place. Elementary school lessons and parental teachings should have been followed as well. 'Keep your hands to yourself!'

- The emotional state that this altercation left me in, aggravated the same heightened stress levels anyone would feel when they become victim to law enforcement lawlessness and unconstitutional behaviors. This is also a Federal Crime. Witness intimidation.

- I have filed Disqualification and Recusal documents, as well as have an obvious 'Conflict of Interest' claim against Judge Lee P. Rudofsky. Yet, Judge Rudofsky remains steadfast in his refusal to recuse himself from this case.

- In citing <u>Buttercase v. Frakes</u>, the judge erred. I already had a judge, Brian S. Miller, when he wrote on the docket, "I have become aware of Mr. Frazier's lawsuit against me, etc.". No 'judge shopping' needed, as I already have one in my basket.

## BASIC PREMISE

- Violation of 18 United States Code (U.S.C.) § 241 for CONSPIRACY AGAINST RIGHTS.

- Violation of 18 U.S.C. § 241 for DEPRIVATION OF RIGHTS UNDER THE LAW.

- Violation of 42 U.S.C. § 1983, CIVIL ACTION FOR THE DEPRIVATION OF RIGHTS.

- Violation of 42 U.S.C. §§ 1985, 1986 for CONSPIRACY AND NEGLIGENCE.

- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED).

- INTENTIONAL INFLICTION OF PAIN AND SUFFERING (IIPS).

- DEFAMATION OF CHARACTER.

- FREEDOM OF INFORMATION ACT (FOIA) violations.

- Failure to act when witness to criminality.

- Unlawful use of the Arkansas Crime information Center (ACIC).

- Title IV, Books 1-8 of the United States Flag Code.

## LIST OF EXHIBITS:

Additional EXHIBITs regarding my subpoenaed criminal history proving unlawful use of the Arkansas Crime Information Center (ACIC), Veterans Administration (VA) psychiatric evaluation, and others are also on the docket. I retain additional evidentiary material to be presented as the case progresses.

EXHIBIT 1:   Oath of Office of Sergeant Jonathan B. Hobby.

EXHIBIT 2:   Certificate of Learning "Racial Profiling" for Assistant Chief Jessica Burnett.

EXHIBIT 3:   Oath of office of Assistant Chief Jessica Hill (maiden name).

EXHIBIT 4:   Axon BWC footage dated October 26, 2024.

EXHIBIT 5:   Axon BWC footage dated October 28, 2024.

EXHIBIT 6:   Axon BWC footage dated October 29, 2024.

EXHIBIT 7:   New Police and Procedures manual for Alexander Police Department.

EXHIBIT 8:   Subpoena for evidence of Unlawful Usage of Arkansas Crime Information Center.

EXHIBIT 9:   Recorded meeting with plaintiff City Counsel Chris Madison, et al.

## PRAYER FOR RELIEF REQUESTED

With the sole intent to bring into compliance, the Court, Judge, and staff, ensuring a demanded speedy resolution to litigation. All listed allegations previously pleaded herein are re-alleged as though stated word-for-word.

- Plaintiff, KEITH LAMONT FRAZIER, demands a jury trial.

- Plaintiff, KEITH LAMONT FRAZIER, hereby demands judgment against all listed Defendants for monetary damages of $3,000,000 (three million dollars) that exceeds the amount required for Federal Court jurisdiction.

- Plaintiff, KEITH LAMONT FRAZIER, sustained damages as a direct result of the occurrences giving rise to the SECOND AMENDED COMPLAINT.

- Plaintiff, KEITH LAMONT FRAZIER, is entitled to the following damage:

- Loss of Certification for former Assistant Chief Jessica Burnett.

- FOIA civil penalties and monetary damages, with all amounts applicable by law. Injunctive relief for the same.
- Arkansas State Bar Association referrals for Chris Madison, as well as Matthew Keith Wren of the Municipal League.

## RESIDENCY AND PARTIES

- Plaintiff, KEITH LAMONT FRAZIER, was at all times relevant a citizen and resident of 15202 Peak Loop, Alexander, AR 72002.

- Defendant(s) Investigator Gary Robertson Jr., Chief Robert Burnett, Assistant Chief Jessica Burnett, Sergeant. Jonathan Hobby, and Officer. D. Shaw, at were all times relevant, were employees of the Alexander Police Department.

- Attorney Chris Madison was at all times an employee of the City of Alexander City Counsel.

## BASIS FOR VENUE AND JURISDICTION

Under 28 U.S.C. § 1391, venue for this case arises under the United States Constitution or federal laws or treaties. Jurisdiction for this case under 28 U.S.C § 1331.

Respectfully submitted,

KEITH LAMONT FRAZIER
*Attorney Pro Se*
15202 Peak Loop
Alexander, AR 72002
(501) 507-2146
melaninrenaissance.finally@gmail.com