# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KEITH LAMONT FRAZIER**                                                                 **PLAINTIFF**

v.                          **Case No. 4:25-cv-00338-LPR**

**CITY OF ALEXANDER, et al.**                                                          **DEFENDANTS**

## ORDER

In light of Docs. 37, 38, and 39, as well as the discussion held on the record at the June 24, 2025 hearing, the Court GRANTS Mr. Porter's Second Motion to Withdraw (Doc. 37) with the following condition. Mr. Frazier has requested that the Court appoint him new counsel.[1] As explained below, the Court is going to do so. Within 3 days from the date of this Order, Mr. Porter is directed to provide new counsel with a copy of Mr. Frazier's case file and to make himself available for any discussion of the case that new counsel desires to have. The Court thanks Mr. Porter for his attempt to represent Mr. Frazier.

Now on to the appointment of new counsel. Although having counsel is not a constitutional or statutory right in a civil case, the Court granted Mr. Frazier's request for counsel because the Court believed that Mr. Frazier having counsel would be beneficial to all parties and to the Court.[2] Unfortunately, Mr. Frazier and his appointed counsel (Mr. Porter) reached an impasse concerning various aspects of this case, and the impasse led to a breakdown in the attorney-client relationship. The Court believes the record speaks for itself in terms of the origin and nature of the impasse and breakdown. The Court gave Mr. Frazier (who did not object to Mr. Porter's most recent withdrawal request[3]) the option of proceeding pro se or receiving new appointed

---

[1] *See* Doc. 39.

[2] *See* Doc. 23 at 7.

[3] *See* Doc. 39.

counsel.[4]  Mr. Frazier indicated a desire for the Court to appoint him new counsel.[5]  Accordingly, the Court appoints John C. Williams of the American Civil Liberties Union of Arkansas.[6]

The Court wants to be clear on two things.  First, this is the last attempt the Court will make to provide appointed counsel for Mr. Frazier.  If the relationship between Mr. Frazier and Mr. Williams reaches an impasse and breaks down in a manner similar to what happened between Mr. Frazier and Mr. Porter, the Court will not appoint a third counsel.  Rather, in such an instance, the Court will have Mr. Frazier proceed pro se.  Second, because Mr. Frazier continues to be represented by counsel (now Mr. Williams), the Court's directives concerning filings and communications with the Court still apply in full.[7]  Those rules will be enforced so as to ensure the orderly, efficient, and fair administration of justice.

There is, however, one exception. Yesterday, Mr. Frazier filed a Second Amended Complaint.[8]  Technically, Mr. Frazier was not pro se because the Court had not acted on Mr. Porter's Second Motion to Withdraw.  However, because (1) Mr. Porter had a pending withdrawal motion to which Mr. Frazier had no objection, and (2) the Court had not yet decided to appoint new counsel, the Court concludes that this created enough of a gray area to accept the filing from Mr. Frazier himself.[9]

---

[4] *See* Doc. 38.

[5] *See* Doc. 39.

[6] The Court thanks Mr. Williams in advance for this service to the bench and bar.

[7] *See* Docs. 23 and 36.

[8] Doc. 40.

[9] Now that Mr. Williams has been appointed as Mr. Frazier's counsel, this narrow "gray area" exception is no longer applicable.

Generally, a Second Amended Complaint requires a Motion for Leave to File, but, in this case, the Court's May 9, 2025 Order granted such leave in advance.[10] Accordingly, the Second Amended Complaint now stands as the operative Complaint.[11]

Because Mr. Williams is just arriving on the scene, so to speak, the Court will give Mr. Williams and Mr. Frazier a little time to consult with each other on whether any additional amendment to the Second Amended Complaint is desired. Any such amendment must be filed within 14 days from the date of this Order. No extensions absent extraordinary circumstances.

The Court directs the Clerk to revive as defendants on the docket the following persons and entities: the City of Alexander, Chief R. Burnett, Assistant Chief J. Burnett, Sergeant Hobby, Officer Shaw, and Chris Madison. (Investigator Robertson was—properly—never terminated from the case.[12]) Each Defendant in this case has 30 days from the date of this Order to either move to dismiss the Second Amended Complaint or file an Answer. If a party moves to dismiss, that party may adopt and incorporate prior motions (in part or in full) into its new motion and new accompanying brief.

IT IS SO ORDERED this 15th day of July 2025.

                                                 LEE P. RUDOFSKY
                                                 UNITED STATES DISTRICT JUDGE

---

[10] *See* Doc. 23 at 7.

[11] *See* Doc. 40.

[12] *See* Doc. 23 at 7–8.